UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GUSTAVO LUNA CRISOSTOMO,<br><br>Petitioner,<br>v.<br><br>BRUCE SCOTT, et al.,<br><br>Respondent. | CASE NO. C26-4073-KKE<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner entered the United States in 2023 and has resided in this country since then. He was arrested by United States Immigration and Customs Enforcement ("ICE") agents on October 1, 2026, and the Government maintains that he is subject to mandatory detention. He filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, arguing that he was released pursuant to an order of release on recognizance ("OREC") and that re-detaining him was unlawful. Dkt. No. 1. The Government[1] filed its return and the case is ripe for resolution.

For the following reasons, the Court finds that Petitioner's detention is unlawful and will grant the petition and order the release of Petitioner.

## I. BACKGROUND

Petitioner is a native and citizen of Mexico who entered the United States without inspection in December 2023. Dkt. No. 1 at 6. He was apprehended by U.S. Border Patrol and

[1] In this order, the Court refers to the federal Respondents collectively as "the Government."

served with a Notice to Appear that charged him with removability under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act. Dkt. No. 7-2 at 2. Petitioner was released on his own recognizance on December 20, 2023. Dkt. No. 1 at 11, 15.

The record is unclear with respect to certain aspects of Petitioner's immigration history after his release on recognizance in 2023. The contemporaneous Form I-213 noted that Petitioner was not placed in the Alternative to Detention ("ATD") program. *Id.* at 13. The Department of Homeland Security issued an order of release on recognizance ("OREC") "[i]n accordance with Section 236" of the INA, explaining that Petitioner would be subject to in-person reporting appointments with the Department of Homeland Security. Dkt. No. 7-3 at 2. Though the Department of Homeland Security recorded that Petitioner was not subject to an ATD program, Deportation Officer Christopher Hubbard's declaration states that Petitioner had failed to comply with the conditions of the ATD program. Dkt. No. 6 at 2. Petitioner claims to have "followed [his] immigration reporting requirements." Dkt. No. 1 at 3.

The Government alleges that Petitioner violated the conditions of his OREC by failing to complete biometric photograph check-ins on several occasions dating from late February 2026 through late August 2026. Dkt. No. 6 at 2; *see also* Dkt. No. 7-1 at 3-4. The documents filed by the Government provide no indication of infractions committed by Petitioner prior to February 2026 nor do the documents confirm when photograph submissions were added to the terms of compliance for the OREC. Petitioner attended an in-person ICE check-in on October 1, 2026, "as required under his ATD requirements." Dkt. No. 6 at 2. On the same day as the check-in, the Government found that Petitioner's failure to complete biometrics photographs rendered him "no longer suitable for continued supervision under ATD." *Id.* at 3. The Government reports that

Petitioner was taken into ICE custody and served an I-200 administrative arrest warrant[2] and an I-286 Notice of the Custody Determination. *Id.* The I-286 states that Petitioner is detained "[p]ursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations[.]" Dkt. No. 7-4 at 2.

Petitioner filed a petition for a writ of habeas corpus requesting immediate release or a bond hearing before an immigration judge. Dkt. No. 1 at 3. The Government argues that the petition should be denied and that a bond hearing would be the appropriate relief if the Court grants the petition. Dkt. No. 5 at 4–5, 7. For the following reasons, the Court grants the habeas petition.

## II. ANALYSIS

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). In this case, the Court finds that the Petitioner's arrest and detention violate the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. CONST. AMEND. V. The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and

[2] The Government has not filed the I-200 with the Court.

in a meaningful manner.'" *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). Determining whether an administrative procedure provides the process constitutionally due

> generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.* at 335.

In *Rodriguez Diaz v. Garland*, the Ninth Circuit assumed without deciding that *Mathews*' three-part test applies in "the immigration detention context." 53 F.4th 1189, 1206–07 (9th Cir. 2022). The Court will consider each *Mathews* factor in turn to determine whether Petitioner received the process appropriate to his circumstances, after determining the governing detention authority.

**A. Petitioner Was Subject to 8 U.S.C. § 1226(a) When He Was Re-Detained.**

To determine whether Petitioner's re-detention complies with due process, the Court must first determine the statutory authority governing Petitioner's re-detention. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008) ("Where [a non-citizen] falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention.").

The Government contends that Petitioner falls within the mandatory detention scheme under Section 1225(b)(2) as "an arriving alien now placed in removal proceedings[.]" Dkt. No. 4 at 4–5. The record before the Court indicates that Petitioner was not categorized as an "arriving alien" and that the Government had consistently identified Petitioner as being subject to Section 1226 rather than Section 1225(b)(2) prior to the present litigation. *See* Dkt. No. 1 at 6 (Petitioner was not categorized as an "arriving alien" on the Notice to Appear from December 2023); Dkt.

No. 7-3 at 2 (Petitioner was released on his own recognizance in "accordance with Section [1226]"); Dkt. No. 7-4 at 2 (The Government invoked the detention authority "contained in section [1226]" when it re-detained Petitioner on October 1, 2026).

An agency action "cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained." *SEC v. Chenery Corp.*, 318 U.S. 80, 95 (1943); *see also Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 20 (2020) (explaining that "a foundational principle of administrative law" is that "judicial review of agency action is limited to the grounds that the agency invoked when it took the action" (cleaned up)). Therefore, the Court "may not accept […] counsel's post hoc rationalizations for agency action," because "an agency's action must be upheld, if at all, on the basis articulated by the agency itself." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983).

The Government identified Section 1226 as the proper detention authority when it released Petitioner on his own recognizance in 2023 and when it re-detained him on October 1, 2026. Accordingly, the Court rejects the Government's attempt to recategorize Petitioner as subject to mandatory detention under Section 1225(b)(2)(a).[3]

[3] Many courts, including the Ninth Circuit, have rejected the application of Section 1225(b)(2)(A) to a noncitizen such as Petitioner, who was previously released and has been living in this country for multiple years. *See, e.g.*, *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1193 (9th Cir. 2026) (concluding that Section 1225(b)(2)(A) applies to "unadmitted aliens entering the United States at the border" and that Section 1226 governs "unadmitted aliens present in the interior of the country"); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 731–32 (6th Cir. 2026) (holding that Section 1225(b)(2) does not apply to noncitizens who have lived in the interior of the United States for years); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828, 856 (7th Cir. 2026) (finding that "the text, statutory context, legislative history, and long-standing Executive practice all confirm that Section 1225(b)(2)(A) applies to 'applicants for admission' who are seeking lawful entry at the border or ports of entry and not to noncitizens unlawfully living in the country's interior"); *Barbosa Da Cunha v. Freden*, 175 F.4th 61, 70 (2d Cir. 2026) ("[C]onsistent with the plain text of the statutory provisions at issue here, our holding allows noncitizens like Petitioner, who are already present in the United States and are determined not to be a flight risk or danger to the community, to be released on bond under Section 1226(a) while their removal proceedings are pending."); *Escobar Salgado v. Mattos*, 809 F. Supp. 3d 1123, 1155 (D. Nev. 2025) ("By subjecting noncitizens like Petitioners to mandatory detention, despite their significant due process rights as individuals present in the U.S., with no consideration of their deep financial, community, and familial ties in the country, the government has proffered an interpretation of a federal statute that engenders constitutional

Therefore, the Court will now consider whether Petitioner's re-detention comports with due process under *Mathews*.

**B. Petitioner's Re-Detention Does Not Comport With Due Process.**

In this case, all three *Mathews* factors favor Petitioner.

First, Petitioner's interest in not being detained is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). Petitioner has lived in the United States for nearly three years. *Id.* That Petitioner was arrested in October 2026 and remains in custody undoubtedly presents a deprivation of Petitioner's interest in his liberty. The Court finds that Petitioner's interest in his liberty is constitutionally protected. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) ("[I]ndividuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued liberty."). The Government argues that Petitioner's interest is "reduced" as a result of having failed to complete biometrics check-ins. Dkt. No. 5 at 6. However, biometric photographs were not listed in the terms enumerated on the OREC. Dkt. No. 7-3 at 2. If the OREC was ever modified after December 2023 and prior to Petitioner's detention on October 1, 2026, the Court has not been provided with evidence that the terms of release were ever officially amended and that Petitioner was notified of any changes to the OREC. Therefore, the Court finds that Petitioner maintains an interest in being free from detention.

Second, the Court finds a high risk of erroneous deprivation of Petitioner's liberty interest in the absence of adequate notice of the justification for detention. Even if the alleged failures to submit biometrics photographs could properly justify revoking Petitioner's OREC, the Government has not shown that Petitioner received notice of the need to submit photographs. *See*

issues." (citation modified)). Moreover, none of the documents in the record supports a finding that Section 1225(b) applies to Petitioner. Instead, the documents exclusively reference Section 1226. *See* Dkt. No. 7-3, 7-4.

*E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025) ("That the Government may believe it has a valid reason to detain Petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process."). The OREC that was issued on December 20, 2023, states that Petitioner was subject to in-person reporting and that he must attend any "hearing or interview" scheduled by the Department of Homeland Security or the Executive Office for Immigration Review. Dkt. No. 7-3 at 2. Notably, photograph submissions were not among the terms of the OREC, and the Court is unaware of when or even if the Government notified Petitioner before modifying the terms. That Petitioner disputes his alleged noncompliance with the OREC, combined with the internal inconsistencies[4] and gaps in the Government's documentation, increases the Court's concern that pre-deprivation notice is necessary. Thus, the second *Mathews* factor weighs in Petitioner's favor.

And third, the Court finds that the Government's interest in re-detaining non-citizens previously released without process is "minimal": any administrative or financial burdens in providing Petitioner notice or a hearing before OREC revocation are far outweighed by the risk of erroneous deprivation of the liberty interest at issue. *See, e.g.*, *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("If the government wishes to re-arrest Ortega at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low."). The Government argues that it has an interest in "efficient enforcement and ensuring that Petitioner remains in removal proceedings[.]" Dkt. No. 5 at 7. However, the Government concedes that Petitioner showed up to his in-person check-in as required. Dkt. No. 6 at 2. Particularly because Petitioner's alleged failure to comply with his ATD concerns a requirement that was not

[4] The Government submitted a Form I-213 which indicated that Petitioner was not subject to an ATD program, yet the Government also submitted a declaration from a deportation officer stating that Petitioner had failed to comply with his ATD program. *Compare* Dkt. No. 1 at 13 *with* Dkt. No. 6 at 2. Additionally, the Government did not include photograph submissions as a condition on the OREC yet later cited failure to submit photographs as the reason to revoke the OREC. *Compare* Dkt. No. 7-3 at 2 *with* Dkt. No. 7-1 at 3–4.

enumerated on the OREC and because Petitioner attended his in-person check-in, the Government has not shown that its interest in enforcing immigration laws necessitates Petitioner's detention without process. *See* Dkt. No. 6 at 2. The third *Mathews* factor thus weighs in Petitioner's favor.

Accordingly, because all three *Mathews* factors favor Petitioner, the Court finds that Petitioner's due process rights have been violated and now considers the appropriate remedy.

**C. Immediate Release Is the Appropriate Remedy.**

"In habeas cases, federal courts have broad discretion in conditioning a judgment granting relief." *Lujan v. Garcia*, 734 F.3d 917, 933 (9th Cir. 2013). "Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters as law and justice require." *Id.* (quoting *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987)). "Declaratory and injunctive relief are proper habeas remedies." *Perera v. Jennings*, 598 F. Supp. 3d 736, 742 (N.D. Cal. 2022).

Here, the Court finds that the appropriate remedy for Petitioner's unconstitutional detention is immediate release. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody.").

## III. CONCLUSION

For these reasons, the Court GRANTS the habeas petition. Dkt. No. 1. The Court ORDERS that Petitioner shall be released from custody no later than November 20, 2026, on the terms of his prior OREC. At the time of Petitioner's release, the Government shall return to Petitioner all personal property in the Government's custody or control, including but not limited to, passports, identity papers or licenses, immigration records, prescribed medications, and treatment-related equipment.

The Government shall file a status report no later than November 23, 2026, to confirm Petitioner's release in compliance with this order.

Dated this 19th day of November, 2026.

Kymberly K. Evanson
United States District Judge